UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOWARD SMITH, 04-R-2402,           **REPORT AND RECOMMENDATION**

          Plaintiff,           08-CV-00596(M)

v.

C.O. LYONS and K. ULRICH,

          Defendants.
_____

This case has been referred to me by Hon. Richard J. Arcara to decide all non-dispositive motions, hear and report on all dispositive motions, and otherwise supervise pretrial proceedings [7]. [1] Before me is defendants' unopposed motion for partial dismissal of plaintiff's complaint [4]. For the following reasons, I recommend that defendants' motion be GRANTED.

**BACKGROUND**

Plaintiff, proceeding *pro se,* seeks to recover damages pursuant to 42 U.S.C. §1983 for an alleged assault by defendants on September 2, 2005, while he was incarcerated at Attica Correctional Facility. Plaintiff's complaint [1] alleges that defendants "assaulted me with sticks to the head and upper and lower body", and that bases his claim upon "the First Amendment, Eighth Amendment, Due Process Clause or Equal Protection Clause." Id. Defendants, employees of the New York State Department of Correctional Services ("DOCS"), are sued in their individual and official capacities.

---

[1]     Bracketed references are to the CM/ECF docket entries.

Moving pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) and (6), defendants seek dismissal of all claims except plaintiff's Eighth Amendment excessive force claim. Although plaintiff has failed to file opposing papers, I "cannot grant a motion to dismiss solely on the ground that it is unopposed. Rather, where a Rule 12(b) motion has not been opposed, this Court must review the merits of the motion and determine whether the movant has carried its burden." Foster v. Phillips, 2005 WL 2978686, *3 (S.D.N.Y. 2005).

**DISCUSSION AND ANALYSIS**

A.  **Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 1949 (2009).

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

B.  **Plaintiff's "Official Capacity" Claims**

Defendants argue that the Eleventh Amendment bars plaintiff's damage claims against defendants in their official capacities. Defendants' Memorandum of Law [5], pp. 3-4. I agree. "The claims against Defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed . . . . The Eleventh Amendment renders states immune from suit in federal court and this immunity extends to state agencies, state branches of government, and other arms of the state . . . . DOCS, as a state agency, enjoys Eleventh Amendment immunity from suit in federal court . . . . Claims against state officials in their official capacities are considered claims against the state and are therefore barred by the Eleventh Amendment." Abascal v. Fleckenstein, 2008 WL 3286353, *10 (W.D.N.Y. 2008) (Skretny, J.).

Therefore, I recommend that these claims be dismissed.

C.  **Plainitff's Due Process Claims**

1.  **Substantive Due Process**

Plaintiff's complaint centers on the alleged use of excessive force. "For prisoners . . . the Eighth Amendment serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified." Ford v. Phillips, 2007 WL 946703, *8 (S.D.N.Y. 2007). "Any protection that 'substantive due process' affords convicted prisoners against excessive force is . . . at best redundant of that provided by the Eighth Amendment". Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989). *See* Whitley v. Albers, 475 U.S. 312, 327 (1986) ("where the deliberate use of force is challenged as excessive and unjustified, . . . the Due Process Clause affords respondent no greater protection than does

the Cruel and Unusual Punishment Clause"). "As Plaintiff's due process claim apparently arises out of the same circumstances as his Eighth Amendment claim, the claim is subsumed and must be dismissed." Rodriguez v. Morton, 2009 WL 414033, *9 (S.D.N.Y. 2009).

Therefore, I recommend that these claims be dismissed.

        **2.**        **Procedural Due Process**

"To successfully state a claim under 42 U.S.C. §1983 for the denial of procedural due process, a plaintiff must show that he or she 1) possessed an actual liberty interest, and 2) was deprived of that interest without being afforded sufficient process." Cabassa v. Smith, 2009 WL 1212495, *10 (N.D.N.Y. 2009). Because plaintiff does not allege that he was deprived of any interest without being afforded sufficient process, I recommend that plaintiff's procedural due process claim be dismissed.

**D.**        **Plaintiff's Equal Protection Claim**

"The Equal Protection Clause requires that the government treat all similarly situated people alike." Harlen Associates v. Incorporated Village of Mineola, 273 F. 3d 494, 499 (2d Cir. 2001). Plaintiff asserts no facts to support such a claim. He does not allege discrimination in violation of the Equal Protection Clause based on membership in a protected class. Likewise, plaintiff does not allege a class of one equal protection claim, wherein a plaintiff must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Therefore, I recommend that plaintiff's Equal Protection claim be dismissed.

### E. Plaintiff's First Amendment Claim

"'In order to state a claim for First Amendment retaliation, the plaintiff must allege that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the defendant's decision to discipline him.'" Cooper v. Dennison, 2009 WL 742570, *2 (W.D.N.Y. 2009) (Siragusa, J.). Because plaintiff does not allege that he engaged in any constitutionally protected activity or that the protected conduct was a motivating force for the assault, I recommend that this claim be dismissed.

## CONCLUSION

For these reasons, I recommend that defendants' motion [4] be GRANTED, and that all of plaintiff's claims, with the exception of his Eighth Amendment claim for excessive use of force, be dismissed. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge

in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED**

DATED:	June 26, 2009


/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge